Latoya Berry on behalf of the appellant defendant Steven Syms. Your Honor, we have submitted three arguments to the court today. The first being that my client's sentence was had in violation of the separation of powers doctrine. And I again am going to stop you Ms. Berry to ask you if you agree with the government's characterization that Mr. Syms waived or forfeited all of the issues that he is now raising on appeal. And if not, whether you can tell us where in the record he preserved those issues. That would be very helpful for us. Thank you, Your Honor. I disagree. Constitutional issues are reviewed under the de novo standard of review. And the factual portions, I do agree those portions are under a different standard. I believe that may be what they're referring to, but the constitutional issues still remain a de novo review. And the case that they cited, which is the Walsh case, does support that. That case separated the two in discussing the fact that issues are for clear air. Well, given the state of the law on all of the issues raised, would it be fair to say that Mr. Syms has raised these issues strictly to preserve them for Supreme Court review? Because it seems to me that current circuit law is firmly against him on every one of those issues. That's correct, Your Honor. That is Mr. Syms' intention and goal in going forward to go before the Supreme Court. Thank you, Ms. Jones. With regard to the separation of powers, Your Honor, we believe that the judge in our case, and also in general, is stripped of the power to make a decision in a sentence when the mandatory minimum is, I guess, a part of the charge. There's a mandatory minimum, which means there's a contradiction in the statutes. 3553 of the United States Code, Section A, does require that the judge, it doesn't say may, but shall, sentence a defendant based on his characteristics and his history. And also 3661 say that the judge is without limitation in determining what he can use in determining that sentence. So the contradiction happens when the mandatory minimum places a limitation on the judge. The judge can no longer do the least restrictive sentence necessary, which is what he's directed to do by statute. The judge can sit on the stand and feel this is a very high sentence and it's going above and beyond what's necessary. And I believe some of the things that the court has learned about my client through the pre-sentence report and through the argument we've submitted show that he's someone that's not a candidate for the mandatory minimum sentence. Just submitting to the court the memorandum by Attorney General at the time, Eric Holder, and this is while our case was pending. The memorandum gave directives to the government of withholding mandatory minimum for certain classes of people. What sentence are you asking for at this point? I mean, because it seems that in the district court you ask for the mandatory minimum of 120 months. Are you now contending that there shouldn't be a mandatory minimum or are you contending that the judge should have gone below the mandatory minimum? What exactly are you asking for at this point? You're correct, Your Honor. My client was calculated at a level 27 and I believe it was 70 months is where he was calculated at on the guidelines, which is a bit over five, five and a half years. If we could have asked for a lower sentence, we would have, but we were not permitted to ask for a lower sentence. What do we make of the fact that the defense, that the judge decided to impose a sentence two and a half years or above the mandatory minimum, suggesting that the minimum did not really play into the decision here? Well, Your Honor, our argument is still the mandatory minimum set the minimum that set the starting point. So the judge is starting at 10 years. Instead of starting at five and adding two to the five, he's starting at 10 and cannot go below that 10. So again, the judge is restricted in terms of where he has to start the sentence and the starting point is very high. I pointed out to the court that my client had two co-defendants who were determined to be leaders of the whole operation, who were already serving federal drug sentences at the time that they began this operation and began recruiting people. Antoine Jenkins and Huey Jones. And they both, I'm sorry, Antoine Jenkins has the exact same sentence as my client who has no history. He's got zero history points. Yes, 151 months. My client has zero criminal history points. He has a solid work history. He's worked most of his adult life. He has children that he's cared for, not just outside the home. His kids grew up with him and lived in his house. He raised his family. I thought it was Meeks and Garza, right? Jenkins only got 27 months. Oh, I'm sorry, Antoine Meeks. There's two Antoines. Excuse me, Antoine Meeks. Antoine Meeks and Huey Jones both will be out of prison before my client, at least five years probably before my client. My client will serve the bulk of the sentence, I'm estimating around 10 years. You're eating up your rebuttal time, you know. Thanks, Your Honor. If I can continue. You may use your time as you wish. Thank you. He's going to serve a bulk of his sentence. My client was without ties to his drug community like his co-defendants. I believe that the separation of powers violation leads into a due process violation in that those two co-defendant statements were allowed to be used against my client, people who are biased. He did plead guilty, right? He did plead guilty. And he did withdraw his challenges to the relevant conduct as described in the pre-sentence report? Yes, Your Honor. So, what's the objection? The objection is with regards to the two additional years are added based on the relevant conduct, his guideline calculations keep going up based on statements by co-defendants. Again, they're biased co-defendants, they're making statements, the determination is made by a preponderance of evidence at sentencing rather than beyond reasonable doubt. I believe that violates my client's Sixth Amendment right to a trial by jury on everything that he's going to be sentenced on. Again, the government is allowed to present lower charges and then at sentencing come with additional charges that they can prove at a lower standard. And again, the court allows hearsay, double hearsay, just simply the written statements where all the court used. I mean, I think the Supreme Court has reaffirmed. If they were not reliable, why was the objection withdrawn? There's just some background things that happened at court. I don't know if the court wants me to go into that, that affect an actual sentence when you challenge a sentence in terms of risking the loss of your acceptance of responsibility points and getting a higher sentence. There's other fears that take place. That can happen. All right. Thank you. Mr. Boykin, we have your brief. Is there anything you wish to add to it? All right. The case will be taken under advisement.